UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:

MICHAEL M. TAYLOR,
MARY D. TAYLOR,

    Debtors.

Case No. 14-33126-DHW
Chapter 13

**MEMORANDUM OPINION**

The debtors filed objections to the claim of LVNV Funding, LLC (Doc. #29) and to four claims of Midland Credit Management, Inc. (Doc. #40, 41, 42, and 43).[1] Therein, the debtors contend that each of the five claims is barred by the Alabama statute of limitations. Further, the debtors dispute their contractual liability on any of the five claims.[2] For the reasons that follow, the objections to the claims will be overruled on statute of limitations grounds. The objections to the claims, however, may proceed as contested matters on the issue of contractual liability. Hereinafter, the court will limit its discussion to the issue of the appropriate statute of limitations controlling these claims.

**Jurisdiction**

The court's jurisdiction in these matters is derived from 28 U.S.C. § 1334 and from an order of The United States District Court for this district wherein that court's jurisdiction in title 11 matters was referred to the Bankruptcy Court. *See* General

---

1 Hereinafter referred to as "LVNV" and "Midland".
2 It is the court's understanding that the debtors contend that they do not directly owe LVNV or Midland and that there is no evidence of a valid assignment on the original debt.

Order of Reference [of] Bankruptcy Matters (M.D. Ala. Apr. 25, 1985). Further, because at issue here is the allowance or disallowance of claims, these are core proceedings under 28 U.S.C. § 157(b)(2)(B) thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Undisputed Facts

All five of the claims at issue here are based on revolving consumer credit agreements. LVNV and Midland are holders of the claims by virtue of purported assignments.

The parties do not dispute that the last payment made on the claim of LVNV was on June 2, 2009. Neither do they dispute that the last payments made on the claims of Midland were on May 8, 2009 for claim #9, June 8, 2009 for claims # 10 and #11, and September 19, 2009 for claim #7.

LVNV filed its proof of claim in the underlying bankruptcy proceeding on March 6, 2015. Midland filed claim #7 on February 20, 2015, and claims #9, #10, and #11 on March 16, 2015.

## Conclusions of Law

The debtors contend that all five of these claims are barred by the Alabama statute of limitations. In particular, the debtors maintain that each of these claims is an "open account" subject to a three-year statute of limitation. The statute of limitations for an open account is contained in §6-2-37 of the Alabama Code. The statute provides in pertinent part:

"The following must be commenced within three years: (1) Actions to

recover money due by open or unliquidated account, the time to be computed from the date of the last item of the account or from the time when, by contract or usage, the account is due."

§6-2-37, Ala. Code 1975.

LVNV and Midland assert that their claims are "accounts stated" subject to a six-year statute of limitation. The statute of limitations for an account stated is contained in § 6-2-34 of the Alabama Code. The statute provides in relevant part:

"The following must be commenced within six years: … (5) Actions for the recovery of money upon a loan, upon a stated or liquidated account."

§ 6-2-34, Ala. Code 1975.

Alternatively, LVNV and Midland argue that if their claims are not determined to be accounts stated, that they are nonetheless controlled by the six-year statute of limitations governing simple contracts. That relevant portion of Alabama law provides:

"The following must be commenced within six years: … (9) Actions upon any simple contract or speciality not specifically enumerated in this section."

§ 6-2-34, Ala. Code 1975.

Therefore, the court must determine the appropriate statute of limitations for a revolving consumer credit agreement. That task is somewhat akin to placing a square peg into a round hole. The terms "open account" and "account stated" found their way into Alabama law in the mid 19th century well before the advent of modern-day revolving credit cards. *See for example Marr's Ex'x v. Southwick*, 1835 WL 547, 2 Port. 351, 369 (Ala. 1835); *see also Jones v. Watkins*, 1827 WL 443, 1 Stew. 81, 103-04 (Ala. 1827). As a result, the dynamics of a revolving credit card agreement

do not fit neatly into the statutory confines of either type account.

An open account, under Alabama law, is one where there is an unsettled term left for further negotiation by the parties. *Wal-Mart Stores, Inc. v. Anniston Dev. Co.*, 853 So. 2d 218, 221 (Ala. 2002); *Northern Alabama Ry. Co. v. Wilson Mercantile Co.*, 63 So. 34, 36 (Ala. Ct. App. 1913). When a term of the contract is left open for further negotiation, it is logical that the law would provide for a shorter statute of limitations. The shorter period would likely reduce potential for spoilage of evidence through the mere passage of time. Such evidence would be essential for the court to determine the intent of the parties with respect to the so-called open term.

The debtors, however, point the court to *Oliver v. Quantum3 Group, LLC* (*In re Oliver*), Adversary Proceeding No. 14-00075 (Bankr. S.D. Ala. Dec. 22, 2014), wherein Judge Mahoney suggested that a revolving credit card agreement may be an open account because the debtor could decide to incur charges on the account or not. In the view of the undersigned, however, whether the debtor used the credit account or not is not a term that is subject to further negotiation. In the contracts *sub judice*, all the terms were fully negotiated. The debtor could use the credit cards or not, but if used, the accounts were subject to defined credit limits, repayable at defined interest rates, and with defined minimum periodic payments. Again, nothing is left for further negotiation. Therefore, a revolving consumer credit agreement is not an open account under Alabama law for statute of limitation purposes.

An account stated, under Alabama law, occurs when there is a running account between the parties. At a particular point, the seller/creditor renders to the buyer/debtor an account of the outstanding balance, and the buyer/debtor accepts that account. In essence, the rendering of the account and the acceptance of that rendering by the buyer/debtor forms a new agreement or contract. *Ayers v. Calvary SVP I, LLC,* 876 So. 2d 474, 477 (Ala. Civ. App. 2003)(citing *University of South*

*Alabama v. Bracy*, 466 So.2d 148, 150 (Ala. Civ. App. 1985))( "An account stated is a post-transaction agreement. It is not founded on the original liability, but is a new agreement between parties to an original account that the statement of the account with the balance struck is correct and that the debtor will pay that amount. It is as if a promissory note had been given for the balance due."). A revolving consumer credit agreement fits oddly, if at all, into this statutory definition too.

LVNV and Midland cite the court to three cases from the Northern District of Alabama wherein those courts found that revolving consumer creditor card agreements were indeed accounts stated for statute of limitation purposes. *Brown v. Encore Capital Grp. Inc.*, 2015 WL 1778380, at *7 (N.D. Ala. Apr. 20, 2015); *In re Bunch*, 2014 WL 6661692, at *1 (Bankr. N.D. Ala. 2014); *In re Pritchett*, 2006 WL 3103161, at *1 (Bankr. N.D. Ala. Oct. 26, 2006). In each of those cases, Judges Ott, Cadell and Robinson concluded that the mailing of a monthly statement to the debtor constitutes a rendering of the account, and that the debtor's failure to assert any objection to that purported rendering amounts to a tacit acceptance by the debtor thereto. In the view of the undersigned, the mailing of a monthly statement is something altogether different than a rendering of an account in 19th century Alabama. *See for example Ware v. Manning*, 5 So. 682, 684-85 (1889); *Yarbrough v. Armour & Co.*, 15 So. 2d 281, 283 (Ala. Ct. App. 1943). Further, the mailing of a monthly statement does not, without protest by the debtor, rise to the level of the formation of a new agreement that the Alabama law envisions for accounts stated. *See Ayers*, *supra*, at 477-78; *see also Mobile Rug and Shade Co., Inc. v. Daniel*, 424 So. 2d 1332, 1334 (Ala. Civ. App. 1983) (distinguishing a new promise from an attempt to recover on an original liability based on the original promise). In short, while a modern-day revolving consumer credit agreement is closer to an account stated than to an open account, it nevertheless falls short of the renewed meeting of the minds and new contract requirements for an account stated.

Even if the debtors' revolving credit agreements with these claimants do not fit neatly within the Alabama laws' confines of open account or account stated, it cannot be disputed that these agreements formed contracts. When, as here, the agreement cannot be shoe-horned into the open account or account stated definitional parameters, by default, the agreement, for statute of limitations purposes, will be controlled by the six-year statute for simple contracts. *See In re Bunch*, *supra*, at *2 (holding that creditor's claim was for either breach of contract or account stated, but not an open account; thus, the six-year statute applied).

## Conclusion

For the foregoing reasons, the court finds that the debtors' objections to the claims of LVNV and Midland are not well taken on statute of limitations grounds. The claims of these creditors, pursuant to Alabama Law, are controlled by a six-year statute of limitations. A separate order, pursuant to F.R.B.P. 9021, will enter accordingly.

Done this the 9th day of October, 2015.

Dwight H. Williams, Jr.
United States Bankruptcy Judge